UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

WILLIAM EVANS,                                :
                          Petitioner,         :
                                              :        No. 2:95-cr-00434
            v.                                :
                                              :
UNITED STATES OF AMERICA,                     :
                          Respondent.         :
_____

**O P I N I O N**
**Motion pursuant to 28 U.S.C. § 2255, ECF Nos. 144 & 156 — Denied**
**Related motion, ECF No. 154, and all other claims — Dismissed for lack of jurisdiction**

**Joseph F. Leeson, Jr.**                                    **June 18, 2019**
**United States District Judge**

## I.      INTRODUCTION

In 1995, William Evans was convicted by a jury in the United States District Court for

the Eastern District of Pennsylvania of three crimes:  conspiracy to commit bank robbery, in

violation of 18 U.S.C. § 371 (Count One); armed bank robbery, in violation of 18 U.S.C. §

2113(d) (Count Two); and use of a firearm during a crime of violence, in violation of 18 U.S.C.

§ 924(c) (Count Three).  He was subsequently sentenced to a term of imprisonment of sixty

months on Count One, a concurrent term of imprisonment of 312 months on Count Two, and a

consecutive term of imprisonment of sixty months for the 924(c) conviction in Count Three.  By

2002, Evans had exhausted his rights to seek direct appellate and habeas corpus relief.  He

remains incarcerated at present.

On June 17, 2016, following the United States Supreme Court's decision in *Johnson v.*

*United States*, 135 S. Ct. 2551 (2015), which invalidated the "residual clause" in the definition of

"violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 924(e), Evans filed an

application with the Third Circuit for leave to file a second or successive habeas corpus motion pursuant to 28 U.S.C. § 2255.[1]  On August 27, 2019, following the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), which invalidated the "residual clause" in the definition of "crime of violence" in 18 U.S.C. § 924(c), the Third Circuit formally authorized Evans' second or successive § 2255 motion.[2]  That motion, along with several related motions in which Evans seeks to invalidate his conviction and sentence, is currently before the Court.[3]  For the reasons set forth below, Evans' § 2255 motion and related motions are denied.

## II.   BACKGROUND

### A.   Factual and procedural background

In an indictment dated August 15, 1995, William Evans and an accomplice were charged with conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371 (Count One), armed bank robbery, in violation of 18 U.S.C. § 2113(d) (Count Two), and use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Three).[4]  *See* ECF No. 1.  On November 6, 1995, following a jury trial before the Honorable Robert S. Gawthrop III in the United States District Court for the Eastern District of Pennsylvania, Evans was convicted on all three counts.  *See* ECF No. 51.  Evans was subsequently sentenced to a term of imprisonment of sixty months on Count One, a concurrent term of imprisonment of 312 months on Count Two, and a consecutive sentence of sixty months for the 924(c) conviction in Count Three.  *See* ECF No. 61.

---

[1]     Evans asserted that *Johnson* also mandated invalidation of the similar residual clause in the definition of "crime of violence" in § 924(c).

[2]     *See In re Matthews*, 934 F.3d 296, 298 n.2 (3d Cir. 2019).

[3]     Evans currently proceeds on his motions in a *pro se* capacity.

[4]     On October 28, 1993, Evans and another individual dressed as Sun Oil employees robbed the Sun Federal Credit Union at gunpoint.

Evans appealed his conviction on or about February 13, 1996.  *See* ECF Nos. 67-69.  His appeal challenged only evidentiary issues underlying his conviction and did not attack any aspect of his sentence.  *See* Evans' Appellate Brief, 1996 WL 33656311.  On or about October 7, 1996, the Third Circuit Court of Appeals denied Evans' appeal and affirmed his conviction.  *See* ECF No. 78.  On or about September 23, 1997, Evans filed a *pro se* motion pursuant to Federal Rule of Criminal Procedure 33 for a new trial based upon newly discovered evidence.  *See* ECF No. 80.  Following motion practice related to briefing of Evans' Rule 33 motion and a return to the Third Circuit, his Rule 33 motion was denied, and this ruling was subsequently affirmed by the Third Circuit.  *See* ECF Nos. 81-99.

On October 1, 2001, Evans filed a *pro se* § 2255 motion to vacate his sentence.  *See* ECF No. 101.   On February 6, 2002, the district court dismissed Evans' motion as untimely, it having been filed beyond § 2255's one-year statute of limitations.  *See* ECF No. 106.  The court moreover denied issuance of a certificate of appealability, *see id.*, as did the Third Circuit, *see* ECF No. 118.  On January 28, 2003, in a *pro se* capacity, Evans filed what he titled as "Motion Requests For Admission For An Illegal Sentence and unlawful detention Pursuant to Fed. R. Civ.P.36(a) [sic]."  ECF No. 137.  This "motion" was denied in an Order dated May 16, 2013. *See* ECF No. 142.

On June 17, 2016, Evans filed a "protective"[5] second or successive habeas motion pursuant to 28 U.S.C. § 2255, along with an application to the Third Circuit for authorization to

---

[5]     The Court refers to this as a "protective" motion as it was filed to protect Evans' rights while the Third Circuit determined whether to authorize his second or successive habeas motion based upon *Johnson*.

proceed on a second or successive § 2255 motion in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).[6]  *See* ECF No. 144.[7]

The next relevant event in this case did not occur until August 26, 2019, on which date Evans filed a motion under "FED. R. CIV. P. 60(d)."[8]  ECF No. 154.  The following day, on August 27, 2019, the Third Circuit formally authorized Evans' pending second or successive habeas motion in light of the United States Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019).  *See* ECF No. 155.  Also on August 27, 2019, the Clerk re-filed Evans pending successive habeas motion.  *See* ECF No. 156.  The case was subsequently transferred out of civil suspense, in which posture it had been while Evans awaited the Third Circuit's authorization of his successive habeas motion, and back to the active docket.  *See* ECF No. 159. On October 21, 2019, Evans filed a motion for leave to submit a supplemental memorandum in support of his pending § 2255 motion, *see* ECF No. 160, which the Court granted on October 24, 2019, *see* ECF No. 161.

On November 4, 2019, counsel from the Federal Community Defenders, who had been representing Evans up to that point, filed a motion to withdraw as counsel.  *See* ECF No. 162. Counsel's motion was based on a notice of governing authority which was filed on October 2, 2019, in which counsel indicated that based on current Third Circuit precedent, "armed bank

---

[6]      This case was reassigned to the Undersigned on May 2, 2016.  *See* ECF No. 143.
[7]      This motion and application to the Third Circuit were filed by Evans' counsel with the Federal Community Defenders.  The case was then transferred to the civil suspense docket while Evans awaited the Third Circuit's ruling on his request for leave to file a second or successive habeas motion.  *See* ECF No. 153.
[8]      The full title of this motion, without any modifications, is:  "MOTION UNDER FED R . CIV. P. 60 (d) OTHER POWERS TO GRANT RELIEF FROM A JUDICIAL UVERSITE IN JUDGMENT OF CONVICTION FROM A SENTENCE NOT AUTHORIZED PRESENT SEPARATION--OF-POWERS CONCERN IN VIOLATION OF CONGRESS' 1984 SENTENCE REFORM ACT (SRA)."

robbery qualifies as a crime of violence under § 924(c)'s element-of-force clause," and that "[t]his authority governs Mr. Evans' § 2255 motion."  ECF No. 158.  The Court granted counsel's motion to withdraw.  *See* ECF No. 163.[9]

Evans' supplemental memorandum of law in support of his § 2255 motion, which had been approved in an Order dated October 24, 2019, *see* ECF No. 161, was accepted for filing on December 23, 2019, *see* ECF No. 167-68.

On January 9, 2020, Evans filed a motion to submit further supplemental briefing in support of his § 2255 motion, along with further supplemental briefs.  *See* ECF Nos. 169-70.  On January 10, 2020, the Court granted Evans' motion and accepted for filing the supplemental briefs.  *See* ECF No. 171.  Also on January 10, 2020, Evans filed a second "supplemental memorandum of law," *see* ECF No. 172,[10] which is not identical but very similar in form to the supplemental memorandum of law the Court had previously authorized and had accepted for filing on December 23, 2019, *see* ECF Nos. 167-68.  On February 12, 2020, the government filed its response in opposition to all of Evans' filings.  *See* ECF No. 173.  Evans filed a reply memorandum in further support of his multiple contentions on March 11, 2020.  *See* ECF No. 174.

---

[9]     On December 9, 2019, Evans filed a letter in which he expresses his belief that, based on his former counsel's "notice of authority," she "was trying to have the court [ ] believe that [his] predicate offense" for his § 924(c) charge "was 28 U.S.C. 2113(d) armed bank robbery, when in fact the predicate offense was (count one) conspiracy to commit bank robbery."  ECF No. 165 at 2.  Evans states that based on this, he is entitled to relief under *United States v. Davis*, 139 S. Ct. 2319 (2019).  *Id*.  Evans' December 9, 2019 letter also attempts to bring attention to his pending motion purportedly brought under Federal Rule of Civil Procedure 60(d):  he states that, as he argues in that motion, his sentence for armed bank robbery is unlawful in that it is one year over the statutory maximum, and his classification under the Sentencing Guidelines also unlawfully violates the ex post facto clause of the Constitution.  *See id*. at 3.

[10]     This filing was not authorized, and as such, the Court does not consider it in its adjudication of the § 2255 motion and related filings.

B.      **The arguments of the parties**

Because Evans has presented multiple contentions in multiple filings — not all of which, as explained below, fall properly within the purview of what the Court may consider with respect to his § 2255 motion — the Court briefly summarizes the specific arguments he is making and identifies in which filings those arguments are presented.

1.      *Evans' contentions*

In his "protective" § 2255 motion based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which was filed on June 17, 2016 by counsel from the Federal Community Defenders, Evans contends that his conviction and sentence under § 924(c), as well as his career offender designation under § 4B1.2(a)(2) of the United States Sentencing Guidelines ("U.S.S.G.") — both of which are premised on Evans having committed an underlying "crime of violence"— must be vacated. *See* ECF No. 144 at 2-5.  In particular, this motion argues that *Johnson*'s reasoning that the residual clause of the definition of "violent felony" in the Armed Career Criminals Act, 18 U.S.C. § 924(e)(2)(B) was unconstitutionally vague and therefore invalid, applies equally to the residual clauses of the U.S.S.G. § 4B1.2(a)(2) and 18 U.S.C. § 924(c).  *See id.*  Evans argues that without the residual clauses of these provisions, his conviction for armed bank robbery does not qualify as a "crime of violence," because armed bank robbery does not "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another" as required under the "elements" clauses of either § 4B1.2(a)(2) or 18 U.S.C. § 924(c).  *Id.* at 6, 7.  Accordingly, his counsel argues Evans' conviction under § 924(c) and his sentence enhancement under U.S.S.G. § 4B1.2(a) should be vacated.  *See id.*

The next filing in time was Evans' motion pursuant to Federal Rule of Civil Procedure 60(d), which he filed in a *pro se* capacity on August 29, 2019.  *See* ECF No. 154.  In this filing,

Evans argues his sentence of 312 months imprisonment on Count Two is "in excess of his 'prescribed statutory maximum'" for armed bank robbery.  *Id*. at 3.  He further claims that his career offender enhancement under U.S.S.G. § 4B1.2 "violates [the] ex post facto clause of the U.S. Constitution."  *Id*. at 4.  Although it is not clear, it appears Evans argues this is so because the convictions for which he received the enhancement were "two 1981-82 Pennsylvania, State robbery convictions," which he states predated enactment of the federal Sentencing Guidelines.  *Id*.

Evans' next filing was his December 9, 2019 "letter" to the Court.  *See* ECF No. 165.  In this filing, Evans states that based on her "notice of authority," his former counsel "was trying to have the court [ ] believe that [his] predicate offense" for his § 924(c) charge "was 28 U.S.C. 2113(d) armed bank robbery, when in fact the predicate offense was (count one) conspiracy to commit bank robbery."  *Id*. at 2.  Evans claims that because his predicate offense was conspiracy rather than armed bank robbery, he is entitled to relief under *United States v. Davis*, 139 S. Ct. 2319 (2019).  *Id*.  He moreover attempts to reassert arguments raised in his Rule 60(d) motion. *See id*. at 3.

In his supplemental memorandum in support of his § 2255 motion, which the Court authorized on October 24, 2019 and which was received on December 23, 2019, *see* ECF No. 167, Evans makes two primary arguments.  First, as he did in his December 9, 2019 letter to the Court, he argues that the predicate offense for which he received the § 924(c) charge was not armed bank robbery, but conspiracy to commit bank robbery.  He states that "[t]he government's theory before and after the grand jury was based on (Count One) 18 U.S.C. § 371, Conspiracy to commit bank robbery, and the OVERT ACTS in furtherance of the Conspiracy to accomplish their objectives [sic]."  *Id*. at 14.  Because conspiracy would not constitute a "crime of violence"

under the elements clause of § 924(c), Evans contends that there is no § 924(c) predicate offense

and his conviction on this charge should be vacated.  *See id.* at 16.  The second primary

argument Evans makes is that his "Sixth Amendment right to due process" was violated under

*Alleyne v. United States*, 570 U.S. 99 (2013).[11]  He states the government violated this purported

right "by not submitting to the jury the question of Brandishing, but instead inform[ing] them

that Williams Evans and Ronald Handy used and carried a firearm during and in relation to the

commission of a crime of violence in violation of 18 U.S.C. § 924(c)."  *Id.* at 18.

Finally,[12] in his two filings received on January 9, 2020, *see* ECF Nos. 169-70, Evans

purports "to add two additional pending Rule 60(d) issues to supplemental memorandum of law

in support of motion to correct sentence under 28 U.S.C. § 2255."  ECF No. 169 at 1.  However,

these two issues are not in fact "additional" issues.  First, Evans argues that his sentence exceeds

the statutory maximum for armed bank robbery.  *See id.* at 2-3.  The second issue he purports to

"add" is the viability of his career offender sentence enhancement under U.S.S.G. § 4B1.2 — he

claims, as he did before, that consideration of his state court convictions as predicate offenses

violates the ex post facto clause of the Constitution.  *See id.* at 4-7.

## 2.    *The government's contentions*

In its consolidated opposition to all of Evans' filings, the government makes four primary

arguments.  *See* ECF No. 173.

---

[11]    In *Alleyne*, the Court held that because mandatory minimum sentences increase the penalty for a crime, any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

[12]    As noted above, Evans submitted a second "supplemental memorandum of law" on January 10, 2020.  *See* ECF No. 172.  This filing was not authorized by the Court, and the Court does not consider any of its contents as a result.  It moreover appears that the contentions contained in this filing are by and large identical to those contained in his duly-authorized initial "supplemental" memorandum of law.  *See* ECF No. 167.

First, the government contends that Evans' § 924(c) remains valid.  It observes that in *United States v. Johnson*, 899 F.3d 191, 202-04 (3d Cir. 2018), "[t]he Third Circuit [ ] held that armed bank robbery, in violation of Section 2113(d), continues to qualify as a 924(c) crime of violence under the elements clause."  ECF No. 173 at 5.  According to the government, "[t]hat settles the matter, dictating that Evans' 924(c) conviction remains valid."  *Id*.  The government moreover argues that despite Evans' claims that the predicate for his § 924(c) offense was conspiracy to commit bank robbery, charged in Count One, which does not qualify as a § 924(c) predicate, "the indictment in this case was unambiguous."  *Id*.  As the government observes, with respect to Count Three the indictment reads as follows:

> On or about October 28, 1993, in the Eastern District of Pennsylvania, defendants WILLIAM EVANS, a/k/a "Littleman," and RONALD HANDY, a/k/a "Monk Ron" did knowingly use and carry a firearm during and in relation to the commission of a crime of violence for which they may be prosecuted in a Court of the United States, that is, the armed robbery of Sun Federal Credit Union, 2800 W. Passyunk Avenue, Philadelphia, Pennsylvania, as charged in Count Two of this Indictment.

*Id*.  Based on this unambiguous language, the government contends Evans' § 2255 motion must be denied.[13]  *Id*.

Next, the government concedes that the sentence imposed on Count Two — 312 months imprisonment — "exceeds the statutory maximum for a violation of 18 U.S.C. § 2113(d) by 12

---

[13]    The government also notes that Evans does not appear to maintain the claim made by his counsel in his initial protective § 2255 motion, filed in 2016, that his conviction for armed bank robbery cannot stand as a predicate "crime of violence" under the career offender enhancement provision of the Sentencing Guidelines.  *See* ECF No. 173 at 5.  The government claims that "he is correct not to do so," because "[a]t the time that Evans was sentenced, the Sentencing Guidelines, including the career offender provision, were applied as mandatory."  *Id*. at 6.  The government continues, "[i]n *United States v. Green*, 898 F.3d 315 (3d Cir. 2018), the Court held that a challenge at this time to the mandatory application of the career offender guideline is untimely, as the Supreme Court has not recognized that the mandatory Guidelines are subject to a vagueness challenge, and therefore 28 U.S.C. § 2255(f)(3), permitting a filing within one year of the Supreme Court's recognition of a new right, does not apply."  *Id*.

months."  ECF No. 173 at 6.  "However," the government contends, "relief is not available at this time. A motion under Section 2255 is untimely at the present time, and the Court of Appeals' authorization of a successive petition on the 924(c) issue does not include this claim." *Id*.  The government further contends even "had Evans raised the issue, [it] would have asserted that the Court should impose a sentence of 300 months on Count Two, with 12 months of the 60-month sentence on Count One imposed to run consecutively. The final result would have been the same." *Id*. at 6-7.

The government's third argument challenges Evans' contention that the career offender designation in the Sentencing Guidelines violates the ex post facto clause of the Constitution. First and foremost with respect to this issue, the government contends that this Court does not have jurisdiction to entertain the argument as the time for any § 2255 motion raising this issue has long since passed, and the Third Circuit did not authorize a successive habeas motion on this ground.  *See* ECF No. 173 at 8.  The government moreover contends that Evans' argument is meritless.  It observes that the sentence in this case rests on the bank robbery and related offenses Evans committed *in 1993*, after the adoption of the Guidelines.  "At that time, any offender was on notice that his sentence would be determined, in part, on the basis of his criminal history, as set forth in the Guidelines," and "[t]he sentence in this case, therefore, is not punishment for the earlier offenses, but rather for the defendant's conduct in 1993, when he was on notice that any new offense might be subject to higher penalties due to his previous crimes."  *Id*. at 8.

Fourth and finally, according to the government the Supreme Court's decision in *Alleyne v. United* States, 570 U.S. 99 (2013) is not pertinent to this case.  ECF No. 173 at 9.  It argues that Evans was not sentenced for brandishing.  Indeed, the government points out that "[t]he portion of Section 924(c) concerning brandishing was not added to the statute until November

13, 1998, five years after Evans' crime.  It was never charged or applied in this case, and in fact Evans received only the unenhanced 60-month mandatory minimum term on Count Three." *Id*. (citation omitted).

## III.  LEGAL STANDARD AND APPLICABLE LAW

### A.  Collateral challenges under 28 U.S.C. § 2255

Motions filed under 28 U.S.C. § 2255 are the presumptive means by which federal defendants can challenge their convictions or sentences that are allegedly in violation of the Constitution or laws of the United States, or are otherwise subject to collateral attack.  *Davis v. United States*, 417 U.S. 333, 343 (1974); *O'Kereke v. United States*, 307 F.3d 117, 122-23 (3d Cir. 2002).  Section 2255 "states four grounds upon which such relief may be claimed: (1) 'that the sentence was imposed in violation of the Constitution or laws of the United States;' (2) 'that the court was without jurisdiction to impose such sentence;' (3) 'that the sentence was in excess of the maximum authorized by law;' and (4) that the sentence 'is otherwise subject to collateral attack.'"  *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (quoting 28 U.S.C. § 2255(a)).  In rendering a decision on a defendant's § 2255 motion, "a district court must 'accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record.'"  *Johnson v. United States*, 294 F. App'x 709, 710 (3d Cir. 2008) (quoting *United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005)).  However, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court."  *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000).

**B.**      **Second or successive habeas motions and the Court's jurisdiction**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which

significantly altered the standards for habeas corpus relief,[14] "a prisoner may file one collateral

challenge as a matter of course provided it is timely."[15]  *In re Olabode*, 325 F.3d 166, 169 (3d

Cir. 2003) (citing 28 U.S.C. § 2255(e)); *see* 28 U.S.C. § 2244(a).  After a prisoner's one

collateral challenge has been exhausted, leave to file a second or successive habeas motion must

be sought with and authorized by the appropriate court of appeals before a district court can

consider such an application.  28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive

application permitted by this section is filed in the district court, the applicant shall move in the

appropriate court of appeals for an order authorizing the district court to consider the

application.").

The court of appeals is constrained by statute to only grant requests to pursue a second or

successive habeas motion if the motion contains "(1) newly discovered evidence that, if proven

and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

convincing evidence that no reasonable factfinder would have found the movant guilty of the

offense" or "(2) a new rule of constitutional law, made retroactive to cases on collateral review

by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h).  "Section 2244

lists the pre-filing or gatekeeping requirements applicable to motions under § 2255(h)(2)"— *i.e.*,

the bases Evans moves under here:

>      (1) a petitioner must "show[ ] that the claim relies on a new rule of constitutional
>      law,"

---

[14]      "Congress passed AEDPA with the purpose of restricting a defendant's ability to
collaterally attack his conviction or sentence, especially with a second or successive attack."
*United States v. Peppers*, 899 F.3d 211, 222 (3d Cir. 2018).
[15]      Section 2255 motions are subject to "[a] 1-year period of limitation."  28 U.S.C. §
2255(f).

(2) "made retroactive to cases on collateral review by the Supreme Court,"

(3) "that was previously unavailable."

*In re Matthews*, 934 F.3d 296, 301 (3d Cir. 2019) (quoting 28 U.S.C. § 2244(b)(2)(A))); *see In re Olabode*, 325 F.3d at 169.

Critically, "[a] district court lacks subject-matter jurisdiction over an unauthorized second or successive petition."  *United States v. Davies*, No. CR 07-436, 2019 WL 1745795, at *2 (W.D. Pa. Apr. 18, 2019); *Mendoza v. United States*, No. CR 06-167, 2017 WL 1293575, at *2 (W.D. Pa. Apr. 6, 2017) ("Section 2255(h), read in conjunction with § 2244(b)(3)(A) and Rule 9 [of the Rules Governing § 2255 Proceedings] establishes that a district court lacks subject-matter jurisdiction over an unauthorized second or successive § 2255 motion."); *see Burton v. Stewart*, 549 U.S. 147, 157 (2007) (explaining that where a federal prisoner "neither sought nor received authorization from the Court of Appeals before filing his 2002 [habeas] petition, a 'second or successive' petition challenging his custody . . . the District Court was without jurisdiction to entertain it").

Notwithstanding a circuit court of appeal's authorization of a second or successive habeas motion, a district court has an independent duty to determine whether a second or successive § 2255 motion satisfies the gatekeeping requirements of § 2244.  *Herrera-Genao v. United States*, No. CV 16-3786, 2020 WL 2520281, at *3 (D.N.J. May 18, 2020) (citing 28 U.S.C. § 2244(b)(4)); *Matthews*, 934 F.3d at 301 ("If the court of appeals authorizes the [second or successive] motion, the District Court will have the opportunity to 'consider anew whether the petitioner' indeed meets the § 2244 requirements." (quoting *In re Hoffner*, 870 F.3d 301, 307 (3d Cir. 2017))).

C.  *United States v. Davis*, **139 S. Ct. 2319 (2019)**, *United States v. Johnson*, **899 F.3d 191 (3d Cir. 2018), and 18 U.S.C. § 924(c)**

In *United States v. Davis*, 139 S. Ct. 2319 (2019), the United States Supreme Court held that the "residual clause" of the definition of "crime of violence" in 18 U.S.C. § 924(c) was unconstitutionally vague and therefore void.  As the Court in *Davis* observed, § 924(c) "threatens long prison sentences for anyone who uses a firearm in connection with certain other federal crimes."  139 S. Ct. at 2323.  One of those other federal crimes is a "crime of violence."  18 U.S.C. § 924(c)(1)(A).  Under § 924(c)(3), a "crime of violence" is defined as "an offense that is a felony and--(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another" — this is the so-called "elements clause"— "or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense"— the "residual clause."  The Court in *Davis* found that when "read in the way nearly everyone (including the government) has long understood it," the language of the residual clause "provides no reliable way to determine which offenses qualify as crimes of violence and thus is unconstitutionally vague."[16]  *Davis*, 139 S. Ct. at 2324.

---

[16]      The decision in *Davis* was preceded by the Supreme Court's 2015 decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015) — the case prompting Evans' protective § 2255 motion. The Court in *Johnson* reached a similar conclusion as that reached by the Court in *Davis*, however with respect to a different federal statute.  In *Johnson*, "the Court addressed the residual clause of the Armed Career Criminal Act (ACCA), which defined a 'violent felony' to include offenses that presented a "serious potential risk of physical injury to another."  *Davis*, 139 S. Ct. at 2326 (citing 18 U.S.C. § 924(e)(2)(B)(ii)).  *Johnson* held that the "categorical approach" that the ACCA's residual clause required judges to use in determining whether an offense qualified as a "violent felony" produced "more unpredictability and arbitrariness" when it comes to specifying unlawful conduct than the Constitution allows.  135 S. Ct. 2558-59.  The ACCA's residual clause in the definition of "violent felony" was therefore found to be unconstitutionally vague.

Prior to the Supreme Court's decision in *Davis*, the Third Circuit answered the question at the heart of Evans' instant habeas motion:  whether armed bank robbery under 18 U.S.C. U.S.C. § 2113(d) constitutes a "crime of violence" under § 924(c).  In that case, *United States v. Johnson*, 899 F.3d 191 (3d Cir. 2018), *cert. denied*, 139 S. Ct. 647 (2018), the criminal defendant first made the argument that Evans made in his 2016 protective § 2255 motion:  that like the § 924(e) residual clause addressed in *Johnson v. United States*, 135 S. Ct. 2551 (2015), the residual clause in § 924(c) was void for vagueness.  However, the defendant also argued that armed bank robbery in violation of 18 U.S.C. § 2113(d) was not a crime of violence under the elements clause of § 924(c).  In the end, the Third Circuit did not reach the ultimate question of whether the residual clause of § 924(c) was void for vagueness — an issue which is now moot in light of *Davis*.  Rather, it was clear to the court that armed bank robbery under § 2113(d) "meets the elements clause [of § 924(c)]" because "it 'has as an element the use, attempted use, or threatened use of physical force.'"  *Johnson*, 899 F.3d at 204 (quoting 18 U.S.C. § 924(c)(3)(A)).  As the court explained, "[o]ne cannot assault a person, or jeopardize his or her life with a dangerous weapon"— elements of armed bank robbery under § 2113(d) — "unless one uses, attempts to use, or threatens physical force."  *Johnson*, 899 F.3d at 204.

As a consequence, in the Third Circuit, it is settled law that armed bank robbery in violation of 18 U.S.C. § 2113(d) constitutes a "crime of violence" under § 924(c).

## IV.   ANALYSIS

### A.   Evans' successive § 2255 motion is properly before the Court

Despite having received authorization from the Third Circuit to pursue a successive § 2255 motion, *see* ECF No. 155, the Court must consider as an initial matter whether Evans' successive § 2255 motion satisfies the gatekeeping requirements of § 2244.  28 U.S.C. §

2244(b)(4) ("A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."); *Matthews*, 934 F.3d at 301 ("Section 2244 lists the pre-filing or gatekeeping requirements applicable to motions under § 2255(h)(2) . . . ."); *see id*. ("If the court of appeals authorizes the [second or successive] motion, the District Court will have the opportunity to 'consider anew whether the petitioner' indeed meets the § 2244 requirements." (quoting *Hoffner*, 870 F.3d at 307)).

The Court finds that because Evans' successive § 2255 motion purports to rely on a new rule of constitutional law that has been made retroactive and was previously unavailable, the Court may consider the merits of the following limited issue:  whether Evans' conviction under 18 U.S.C. § 924(c) is valid in light of the new rule set forth by the Supreme Court in *Davis*.  *See Hoffner*, 870 F.3d at 308 (explaining that the text of § 2255(h)(2), as well as the context of § 2244(b), "supports a permissive and flexible approach to whether a petitioner 'relies' on a qualifying new rule"); *see also Herrera-Genao*, 2020 WL 2520281, at *3 ("The Court concludes that Petitioners meet [the gatekeeping] standard because their claims rely on the rule announced in *Davis* and it is plausible on the face of the motions that Petitioners were sentenced under the voided residual clause. The Court will proceed to the merits."); *Matthews*, 934 F.3d at 301 ("Whether the Petitioners' crimes fall under the elements clause or the challenged residual clause is itself a merits inquiry.").

**B.**     **Merits analysis:  Evans' conviction under 18 U.S.C. § 924(c) is valid**

As the government points out, notwithstanding the Supreme Court's holding in *Davis*, Evans cannot circumvent the Third Circuit's previous holding in *United States v. Johnson*, 899 F.3d 191 (3d Cir. 2018).  As discussed above, in *Johnson* the Third Circuit unambiguously held

that armed bank robbery in violation of 18 U.S.C. 2331(d) constitutes a "crime of violence" under the elements clause of § 924(c).  Although *Davis* held that the residual clause of § 924(c) was void for vagueness, it did not affect the constitutionality of that statute's elements clause.

Equally important, armed bank robbery in violation of 18 U.S.C. § 2113(d), appearing in Count Two of the indictment, was *the actual* predicate offense underlying Evans' § 924(c) conviction.  Evans disagrees, contending that "in fact the predicate offense [for his § 924(c) conviction] was count one conspiracy to commit bank robbery," ECF No. 165 at 2, apparently because the conspiracy charge was Count One of the indictment and "[t]he government's case was built around conspiracy and OVERT ACTS in furtherance of the conspiracy to gain their indictment [sic]."  ECF No. 167 at 15.  This argument is without merit.  As the government points out, the language of Count Three of the indictment clearly identifies armed bank robbery as charged in Count Two as the predicate offense.  *See* ECF No. 173 at 5.  Moreover, Evans' current argument is belied by his 2016 protective § 2255 motion.  In that motion, his counsel acknowledged that armed bank robbery was the § 924(c) predicate offense, although she argued that armed bank robbery did not constitute a crime of violence under the elements clause of that statute[17] — an untenable position following *United States v. Johnson*, 899 F.3d 191 (3d Cir. 2018).[18]

---

[17]     In Evans' initial motion, counsel argued that "[a]fter *Johnson*, Movant's conviction and sentence under § 924(c) must be vacated because he was not convicted of an underlying crime of violence.  Movant's instant crime of armed bank robbery does not 'ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another,' as required by the element-of-force clause of § 924(c)(3)."  ECF No. 144 at 7.

[18]     Indeed, in her "notice of authority," Evans' former counsel observed that following *United States v. Johnson*, 899 F.3d 191 (3d Cir. 2018), "armed bank robbery qualifies as a crime of violence under § 924(c)'s element-of-force clause" and "[t]his authority governs Mr. Evans' § 2255 motion."  ECF No. 158 at 2.

In sum, because (1) armed bank robbery in violation of § 2113(d) is a "crime of violence" under § 924(c)(3)(A), the elements clause, and therefore a predicate offense to conviction under § 924(c), and (2) armed bank robbery in violation of § 2113(d) was *the* predicate offense underlying Evans' conviction under § 924(c), his conviction was and is valid notwithstanding the new rule of constitutional law announced in *Davis*.

### C.   The Court lacks jurisdiction to entertain other claims contained in Evans' § 2255 motion or related filings

As noted previously, several additional arguments appear throughout Evans' multiple filings beyond his contention that his conviction under 924(c) is void.  In particular, he asserts that (1) his sentence of 312 months on Count Two exceeds the statutory maximum for armed bank robbery; (2) his sentence enhancement under U.S.S.G. § 4B1.2 violates the ex post facto clause of the Constitution; and (3) his "Sixth Amendment right to due process" was violated under *Alleyne v. United States*, 570 U.S. 99 (2013).[19]  The Court finds that it is without jurisdiction to consider these additional claims.

Returning to first principles, given that Evans was convicted in 1995 and sentenced in 1996, it is clear the time for Evans to file a timely § 2255 motion has long since passed.  Indeed,

---

[19]     The Court agrees with the government's observation that Evans appears to have abandoned the claim made by his former counsel in his initial protective *Johnson* motion, filed in 2016, that his conviction for armed bank robbery cannot stand as a predicate "crime of violence" under the career offender enhancement provision of the Sentencing Guidelines.  *See* ECF No. 173 at 5.  Moreover, were Evans attempting to sustain such a claim, it would ultimately be non-viable in light of the Third Circuit's decision in *United States v. Green*, 898 F.3d 315, 321 (3d Cir. 2018) ("[I]n light of [*Beckles v. United States*, 137 S. Ct. 886 (2017)], *Johnson*'s holding as to the residual clause in the ACCA created a right only as to the ACCA, and not a broader right that applied to all similarly worded residual clauses, such as that found in the advisory Sentencing Guidelines."), *cert. denied*, 139 S. Ct. 1590 (2019); *see also United States v. Penson*, No. 2:03-CR-00197, 2019 WL 4597801, at *2 (W.D. Pa. Sept. 23, 2019) ("The holding in *Green* is binding on this court.").

on October 1, 2001, Evans filed a *pro se* § 2255 motion to vacate his sentence, *see* ECF No. 101, which was subsequently dismissed as untimely.  *See* ECF No. 106.  Accordingly, any viable § 2255 motion Evans could file must, as discussed, be authorized by the Third Circuit based on either newly discovered evidence or a new rule of constitutional law made retroactive and previously unavailable.  28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(2)(A).

This took place in *In re Matthews*, 934 F.3d 296 (3d Cir. 2019).  In that case, the Third Circuit authorized five "lead" applications to pursue second or successive § 2255 motions, along with "approximately two hundred [other] such applications that were stayed following the consolidation of the[ ] five lead applications."  *Id*. at 298 n.2.  One of these additional applications was the application filed on behalf of Evans by his attorney in 2016.  All successive motions authorized in *Matthews* were initially filed to challenge convictions under § 924(c) based on the Supreme Court's 2015 decision in *Johnson*.  However, while these applications for successive § 2255 motions were pending before the Third Circuit, the Supreme Court issued its decision in *Davis* — a decision which, as discussed, announced a new constitutional rule directly applicable to the applications for successive habeas motions challenging § 924(c) convictions. As a consequence, following *Davis*, the Third Circuit in *Matthews* concluded that each of these applications for successive § 2255 motions met the "pre-filing or gatekeeping requirements applicable to [second or successive] motions under § 2255(h)(2)."  934 F.3d at 301.

The relevant question then with respect to Evans' many filings is which of the claims contained in these filings (beyond the explicitly authorized issue of whether *Davis*' invalidation

of § 924(c)(3)(B) affects Evans' § 924(c) conviction), fall properly within the scope of the Third

Circuit's authorization in *Matthews*.[20]  The answer to this question is:  none of them.

Simply put, the grant of authorization in *Matthews* was limited to successive § 2255

motions challenging § 924(c) convictions based on *Davis*' invalidation of § 924(c)(3)(B), which

in essence concerns a determination of whether the alleged predicate offense qualifies as a

"crime of violence" under § 924(c)'s still valid elements clause or under the now void residual

clause.  *See Matthews*, 934 F.3d at 301 ("Whether the Petitioners' crimes fall under the elements

clause or the challenged residual clause is itself a merits inquiry.").  Evans' arguments that his

sentence on Count Two exceeds the statutory maximum, that his sentence enhancement under

U.S.S.G. § 4B1.2 violates the ex post facto clause of the Constitution, and that his "Sixth

Amendment right to due process" was violated under *Alleyne v. United States*, 570 U.S. 99

(2013), are clearly distinct claims that do not concern the new constitutional rule set forth in

*Davis*, and vice versa.  What is more, while these claims most certainly were not authorized as

bases for successive habeas motions in *Matthews*, none of these claims *could* serve as the basis

for a second or successive habeas motion based on *Davis*.  Using the language of the gatekeeping

statute itself, none of these "claim[s] rel[y] on a new rule of constitutional law" as announced in

that case.  28 U.S.C. § 2244(b)(2)(A); *see Matthews*, 934 F.3d at 301 ("Section 2244 lists the

pre-filing or gatekeeping requirements applicable to motions under § 2255(h)(2) . . . .").

Because none of the additional claims Evans seeks to raise in his filings were, or could

have been, authorized by the Third Circuit based on the new rule announced by the Supreme

Court in *Davis*, and since the period for timely filing a § 2255 motion has long since passed, the

---

[20]     Courts review claims contained within habeas petitions on an individual, claim-by-claim
basis.  *See Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004).

Court does not have jurisdiction to entertain any of these claims.[21]  *United States v. Davies*, No.

CR 07-436, 2019 WL 1745795, at *2 (W.D. Pa. Apr. 18, 2019); *Mendoza v. United States*, No.

CR 06-167, 2017 WL 1293575, at *2 (W.D. Pa. Apr. 6, 2017); *Burton v. Stewart*, 549 U.S. 147,

157 (2007).

> **D.      There is no basis for the issuance of a certificate of appealability.**

"Under the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), a 'circuit

justice or judge' may issue a COA [certificate of appealability] only if the petitioner 'has made a

substantial showing of the denial of a constitutional right.'"  *Tomlin v. Britton*, 448 F. App'x

---

[21]      Although Evans does not raise it, one could conceive of an argument that his claim that his sentence for armed robbery exceeds the statutory maximum is unique and should, in the interests of justice, receive some treatment.  At first glance, one potential avenue of review might be the saving clause of § 2255(e), which provides that a writ of habeas corpus shall not be entertained if habeas relief is otherwise unavailable "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  Such review could then conceivably take place pursuant to 28 U.S.C. § 2241.  In *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997), the Third Circuit provided such a remedy in limited circumstances when it recognized that if "it is a 'complete miscarriage of justice' to punish a defendant for an act that the law does not make criminal, thereby warranting resort to the collateral remedy afforded by § 2255, [as the Supreme Court concluded in *Davis v. United States*, 417 U.S. 333, 346-47 (1974),] it must follow that it is the same 'complete miscarriage of justice' when [§ 2255's gatekeeping provisions] make[ ] that collateral remedy unavailable."  *Id.* at 251.

After its own independent research, the Court is satisfied that this avenue of review is not available to Evans to challenge the sentencing court's alleged error with respect to his armed robbery sentence.  In *Okereke v. United States*, 307 F.3d 117 (3d Cir. 2002), the Third Circuit clarified that the circumstances permitting the avenue recognized in *Dorsainvil* — that is, pursuant to § 2241 by way of § 2255(e)'s saving clause — involved an intervening change in the law making the conduct for which the petitioner was convicted potentially non-criminal.  In this way, depriving a petitioner of § 2255 relief because he cannot satisfy the habeas gatekeeping requirements was a miscarriage of justice.  However, it is now settled law that because sentencing errors do not represent this type of intervening change in the law, § 2255 is not an insufficient mechanism to address them.  *See Gardner v. Warden Lewisburg USP*, 845 F.3d 99, 102 (3d Cir. 2017) ("For the same reason that *Okereke* held *Apprendi* claims [of sentencing error] could not be raised in § 2241 motions—*Apprendi* did not render previously criminal conduct noncriminal, *Okereke*, 307 F.3d at 120—we likewise hold that *Alleyne* claims [of sentencing error] cannot be raised under § 2241.").  As a consequence, Evans' failure to raise a claim of sentencing error in a timely § 2255 motion forecloses his ability to do so at this time, and there is no other mechanism available to him.

224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)).  "Where a district court has rejected the constitutional claims on the merits . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In the Court's view, it is not the case that reasonable jurists could disagree that the new rule announced by the Supreme Court in *Davis* does not invalidate Evans' conviction under § 924(c).  It is clear his conviction was based on a predicate "crime of violence" as defined in the elements clause of that statute, rather than the now void residual clause.  It is moreover the Court's view that reasonable jurists could not disagree that the additional claims Evans attempts to forward in his multiple filings have not been authorized by the Third Circuit as bases for a second or successive § 2255 motion and are otherwise untimely.  As a result, the Court does not have jurisdiction to entertain them.

## V.    CONCLUSION

For the reasons set forth herein, this Court concludes that there is no basis to grant Evans habeas relief pursuant to 28 U.S.C. § 2255.  His § 2255 motion is therefore denied, and his related claims are dismissed for lack of jurisdiction.

A separate Order follows.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge
