**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No 2:95-cr-00434 |
| | : | |
| WILLIAM EVANS, | : | |
| Defendant. | : | |

**<u>O P I N I O N</u>**

**Motion for Reconsideration and Related Restitution Relief, ECF No. 191 – Granted in part, denied in part**

**Joseph F. Leeson, Jr.** **November 24, 2026**
**United States District Judge**

## I. INTRODUCTION

On November 3, 1995, a jury in the United States District Court for the Eastern District of Pennsylvania convicted William Evans of three offenses: conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371; armed bank robbery, in violation of 18 U.S.C. § 2113(d); and use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). He was sentenced to a total term of 372 months' imprisonment. The Court also imposed a restitution order of $49,578, and a $150 special assessment. Evans was released from prison on March 5, 2023, and has since served forty-four months of his supervised release and paid his court costs. The Court denied his motion for early termination of supervised release on October 5, 2026. Evans now seeks reconsideration of the Court's order and opinion denying the motion for early termination of supervised release, maintaining that the Court's language about his failure to make complete restitution does not apply to him since his restitution obligation expired. For the following reasons, the Court grants the Motion for Reconsideration in part and denies the Motion in part.

This Court recognizes that Evans's restitution obligation has expired but still denies early termination of supervised release.

## II. BACKGROUND

Evans and an accomplice were charged by indictment on August 15, 1995, with conspiracy to commit bank robbery, armed bank robbery, and use of a firearm during a crime of violence. *See* ECF No. 1; *see also Evans v. United States*, No. 95-434, 2020 WL 3287030, at *1 (E.D. Pa. June 18, 2020). On November 6, 1995, following a jury trial before the Honorable Robert S. Gawthrop III in the Eastern District of Pennsylvania, the jury convicted Evans on all three counts. *See Evans*, 2020 WL 3287030, at *1; *see also* ECF No. 51. On February 5, 2026, the court sentenced Evans "to a term of imprisonment of sixty months on Count One, a concurrent term of imprisonment of 312 months on Count Two, and a consecutive term of imprisonment of sixty months for the 924(c) conviction in Count Three." *Evans*, 2020 WL 3287030, at *1; *see also* ECF No. 62.

In February 1996, Evans appealed his conviction to the Third Circuit Court of Appeals. *See* ECF Nos. 67–70. On October 7, 1996, the Third Circuit denied his appeal and affirmed his conviction. *See* ECF No. 78. On October 1, 2001, Evans filed a *pro se* motion pursuant to 28 U.S.C. § 2255 ("2255 motion") to vacate his sentence. *See* ECF No. 101. On February 6, 2002, the Court dismissed Evans's 2255 motion as untimely. *See* ECF No. 106. The Court did not issue a certificate of appealability, *see id.*, and the Third Circuit also denied issuance of a certificate of appealability, *see* ECF No. 118. Evans filed a *pro se* "Motion Requests For Admission For An Illegal Sentence and unlawful detention Pursuant to Fed. R. Civ. P. 36(a) [sic]" on January 28, 2003. ECF No. 137. The Court denied this motion by an order dated May 16, 2013. *See* ECF No. 142.

On June 17, 2016, Evans filed a "protective" second or successive 2255 motion, along with an application to the Third Circuit for authorization to proceed on a second or successive 2255 motion, ECF No. 144, which the Third Circuit authorized, *see* ECF No. 155. The Court denied Evans's second or successive 2255 motion on June 18, 2020. *See generally Evans*, 2020 WL 3287030, at *1; *see also* ECF Nos. 175, 176.

On August 25, 2026, Evans filed a motion for early termination of supervised release. *See* ECF No. 187. The Court denied the motion on October 5, 2026. *See* Op., ECF No. 188; Order, ECF No. 189. Notably, the Court wrote:

> As to "the need to provide restitution to any victims of the offense," 18 U.S.C. § 3553(a)(7), the Court imposed $49,578.00 in restitution, and Evans has only satisfied $3,668.00 of his restitution. Since Evans has not paid his imposed restitution in full, this factor weighs against terminating his supervised release early. *See United States v. Boyle*, No. 16-271, 2023 WL 2601176, at *2 (E.D. Pa. Mar. 22, 2023) (denying a motion for early termination of supervised release where the defendant had not paid his restitution obligations).

Op. 9–10.

Evans filed a Motion for Reconsideration and Related Restitution Relief on October 13, 2026. *See* Mot., ECF No. 191. Evans seeks reconsideration of the Court's order denying the motion for early termination; a determination whether his restitution obligations expired; a renewed analysis of the early termination of supervised release factors; and an accounting with a supported refund determination. *See id.* at 9–10. The Government filed a Response in Opposition on November 6, 2026. *See* Resp., ECF No. 193. The Government maintains that the Court considered numerous factors to determine whether early termination was warranted, in addition to the restitution amount. *See id.* at 5–6. On November 17, 2026, Evans filed a Reply. *See* Reply, ECF No. 194.

## III. LEGAL STANDARD – Motion for Reconsideration in a Criminal Case

Eastern District of Pennsylvania Local Rule of Criminal Procedure 1.2 incorporates Local Rule of Civil Procedure 7.1(g) in criminal matters. Rule 7.1(g) provides that "[m]otions for reconsideration or reargument shall be served and filed within fourteen (14) days after the entry of the order concerned[.]" Absent guidance in the local criminal rules, courts in this District look to the jurisprudence developed under Federal Rule of Civil Procedure 59(e). *See United States v. Wynn*, No. 24-274, 2025 WL 3080711, at *2 (E.D. Pa. Nov. 4, 2025); *see also United States v. Newmark*, No. 06-447-1, 2008 WL 2165093, at *1 (E.D. Pa. 2008); *United States v. Lee*, 82 F. Supp. 2d 389, 390 n.4 (E.D. Pa. 2000); *Rankin v. Heckler*, 761 F.2d 936, 942 (3d Cir. 1985).

Rule 59(e) allows a litigant to file a motion to alter or amend a judgment within twenty-eight days from entry of the judgment. *See* Fed. R. Civ. P. 59(e). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through—rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal quotations omitted); *see also Banister v. Davis*, 590 U.S. 504, 508 (2020) (holding that "courts will not address new arguments or evidence that the moving party could have raised before the decision issued"). "Because federal courts have a strong interest in the finality of

judgments, motions for reconsideration should be granted sparingly." *Cont'l Cas. Co. v. Diversified Indus.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

## IV. ANALYSIS

The Court grants Evans's Motion for Reconsideration regarding the Court's consideration of his unpaid restitution. However, after re-weighing solely the other relevant factors, the Court finds that terminating Evans's supervised release is not in the interests of justice.

Initially, because he was sentenced under the prior restitution statute (the Victim and Witness Protection Act of 1982, 18 U.S.C. § 3663), Evans's restitution obligation, although never fully satisfied, expired on February 5, 2016, twenty years after the Court's entry of judgment. *See United States v. Norwood*, 49 F.4th 189, 200–201, 215–220 (3d Cir. 2022) (determining that the defendant's obligation to pay restitution is subject to the twenty-year liability period in the prior restitution statute (citing *United States v. Delano*, 981 F.3d 1136, 1140 (10th Cir. 2020)). Thus, the Court's consideration of the unpaid restitution amount under 18 U.S.C. § 3553(a)(7) was improper. The Court strikes the paragraph about outstanding restitution on pages 9 and 10 of the Opinion, which is quoted in Section II *supra*. *See* Op. 9–10.

However, after re-weighing the relevant factors under 18 U.S.C. § 3553(a), excluding restitution, the Court concludes that early termination of Evans's supervised release is not in the interest of justice. Among other factors, Evans's history of violence, the seriousness of the offense, and Evans's failure to show how his reporting requirements are unduly burdensome still weigh against terminating his supervised release early. Thus, the Court grants reconsideration as to whether the outstanding restitution balance favors denying early termination of supervised release but still finds Evans is not entitled to early termination of supervised release.

To the extent the Motion for Reconsideration refers to an overpayment of restitution, this is not "new evidence" that was previously unavailable. Further, the Court did not consider the alleged overpayments in denying the motion for early termination of supervised release so there is no need to correct a clear error of law or fact or to prevent manifest injustice. The Court denies the Motion for Reconsideration as to the request for restitution relief.

## V. CONCLUSION

For the foregoing reasons, the Court grants the Motion in part and denies the Motion in part. The Court improperly considered Evans's unpaid restitution amount under 18 U.S.C. § 3553(a)(7) regarding his motion for early termination of supervised release. However, the other Section 3553(a) factors still weigh in favor of maintaining the current supervised release term. The Motion is denied without prejudice as to the allegedly overpaid restitution.[1]

An appropriate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

[1] The Court offers no opinion as to whether a separate motion relating to restitution would be timely or have merit.